UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

AARON J. KUNKLE,  No. 07-10049

                    Debtor(s).
_____/

JEFFRY G. LOCKE, Trustee,

                    Plaintiff(s),

      v.  A.P. No. 08-1080

BRUCE FONAROW,

                    Defendant(s).
_____/

Memorandum After Trial
_____

      In 2002, Chapter 7 debtor Aaron Kunkle was a young, energetic, naive, inexperienced contractor. Defendant Bruce Fonarow was an older, experienced businessman and mortgage broker. Having had some business dealings before, they decided to enter into a joint venture to purchase, renovate and sell an old Victorian residence at 108 Marin Street, San Rafael, California. They agreed that Fonarow would pay to acquire the property and pay Kunkle to do the work. When the property was sold, they would split the profits. They did not have a written agreement. They did not discuss

1

what would happen if there was a loss instead of a profit.

The project quickly became Kunkle's first lesson in unforseen events. It turned out that there was a huge problem with flooding in the basement of the house due to an underground stream. At first it seemed that the problem was unsolvable, but eventually Kunkle resolved it by installing a pump. Because power interruption would disable the pump and cause flooding, Kunkle also had to install a backup generator so that the pump would always work. Needless to say, the costs of the project skyrocketed and the project took far longer than anticipated.

In December of 2004, Fonarow complained to Kunkle about the slow progress on completing the project even though the flooding problem had been overcome. Kunkle responded by drafting the only written contract between the parties, proposing that he would complete the project for a flat fee of $125,000.00. Most significantly, in the contract he calls himself "contractor" and Fonarow "owner." Fonarow never signed the contract, but he did pay the $125,000.00 in full.

The property was finally completed and sold in December of 2006. Since title had been taken in Fonarow's name alone, Kunkle was not involved in the sale. After closing and deducting Fonarow's acquisition costs and payments to Kunkle, there was $27,009.74 in "profit." Fonarow offset Kunkle's "share" against a separate loan he had made to Kunkle. On January 16, 2007, Kunkle filed his Chapter 7 petition. In this adversary proceeding plaintiff Jeffry Locke, the bankruptcy trustee, alleges that the joint venture experienced an overall loss due to extra labor and materials supplied by Kunkle. He seeks reimbursement on behalf of the bankruptcy estate, as well as recovery of a preference on account of the setoff just before bankruptcy.

The easiest way to resolve this thicket is to find that the December, 2004 contract was a novation which is binding on the parties because Kunkle signed it and Fonarow fully performed. The problem here is that well after 2004 Fonarow's accountant and Kunkle's bookkeeper were going back and forth trying to agree on Kunkle's unpaid expenses. This activity was inconsistent with a novation.

Ultimately, the court finds that Locke has not proved his case. He produced no actual evidence of losses, such as invoices or cancelled checks, at all. All he was able to produce was a summary of

2

alleged uncompensated expenses and an adding machine tape showing the amount Kunkle supposedly spent after receipt of Fonarow's last check. The problem with this method of proof is that there is no way to be sure that Kunkle spent all of Fonarow's payments before that date on the project. Without a full list of all payments made by Kunkle since the beginning of the project, backed up by invoices and cancelled checks, there is simply no way to know if Kunkle's estate is due anything from the proceeds of sale. The court accordingly finds that Locke has not proved his case.

Fonarow concedes that the $13,504.87 setoff was an avoidable preference. Judgment will accordingly be entered in this amount only, together with interest at the federal legal rate since December 16, 2006, and costs of suit. Locke shall take nothing further on account of his complaint.

Dated: July 24, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge